**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**EUNICE PAPPAS DOTSON,**

    **Plaintiff,**

v.                                                        **Case No.**

**FRANKCRUM, INC., and**
**FRANKCRUM STAFFING, INC.,**

    **Defendants.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, EUNICE PAPPAS DOTSON, hereby sues Defendants, FRANKCRUM, INC. and FRANKCRUM STAFFING, INC. (collectively, "FRANKCRUM" or "Defendants") and states as follows:

**INTRODUCTION**

This is an action brought pursuant to the Family and Medical Leave Act, as well as the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.* ("FLSA") to recover unpaid overtime wages and liquidated damages owed to Plaintiff.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1332.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

**PARTIES**

3. Plaintiff, EUNICE PAPPAS DOTSON, is an adult and resident of Pinellas County, Florida.

4. Defendant, FRANKCRUM, INC., is a Florida Profit Corporation authorized and doing business in this Judicial District.

5. Defendant, FRANKCRUM STAFFING, INC., is a Florida Profit Corporation authorized and doing business in this Judicial District.

6. Defendants are a single employer/integrated enterprise and/or joint employers.

7. Defendants are enterprises engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A) in that they (a) have employees engaged in commerce or have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (b) have an annual gross volume of sales made or business done that is not less than $500,000.00.

8. Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(l), Defendants were Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

9. At all times material, Defendants willfully violated the Fair Labor Standards Act and the FMLA.

10. Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

11. Plaintiff requests a jury trial for all issues so triable.

## ADMINISRATIVE PREREQUISITES

12. On April 23, 2020 Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations. Plaintiff intends to seek leave of court to amend this Complaint after exhausting her administrative remedies and satisfying all conditions precedent.

**FACTUAL ALLEGATIONS**

13. On or about February 15, 2016, Plaintiff began her employment with Defendants as an Account Manager.

14. On or about December 3, 2018, Plaintiff moved into the Bi-lingual Recruiting Assistant position in Defendants' staffing department.

15. During her employment with Defendants, Plaintiff was a non-exempt employee under the Fair Labor Standards Act and was paid at an hourly rate.

16. During Plaintiff's employment with Defendants, she received positive reviews of her performance, received a Pillar of Excellence Award and was given company suite tickets to the Tampa Bay Buccaneers game in 2019.

17. Plaintiff did not have any disciplinary issues until she used leave under the Family and Medical Leave Act (FMLA) in May 2017.

18. While Plaintiff was on FMLA leave to care for her mother in May 2017, Anna Leo Holder (VP of Client Services) required Plaintiff to return to work prior to the conclusion of her approved FMLA leave.

19. Plaintiff complied, but then had to return to Puerto Rico to care for her mother during her final days.

20. On May 19, 2017, Plaintiffs mother passed away.

21. On May 22, 2017, Plaintiff returned to work.

22. Upon Plaintiff's return to work, her co-workers were sharing their condolences. Holder called Plaintiff to her office and told Plaintiff that she needed her to be "focused." Holder further stated that she understood people were sympathizing with Plaintiff, but she needed Plaintiff to "catch-up and concentrate." Holder upset Plaintiff to the point where Plaintiff was in tears.

23. On or about May 23, 2017, Holder gave Plaintiff a verbal reprimand for not being "focused" and said that it was "disturbing" to Plaintiff's team.

24. On or about June 1, 2017, Holder issued Plaintiff written discipline.

25. On or about October 31, 2017, Plaintiff began utilizing intermittent FMLA for her own serious health condition. Specifically, Plaintiff suffered from and was diagnosed with anxiety and related health conditions such as panic attacks.

26. Leah Fowler (Human Resources Assistant) informed Holder, Sara Carroll (Human Resources Generalist), and David Peasall (VP of Benefits and Human Resources) by email of Plaintiff's FMLA approval.

27. Holder responded by stating: "To what extent?" and continued by stating: "Eunice often suffers from various ailments, colds, flus, back aches, migraines."

28. Fowler explained that Plaintiff would need to attend scheduled appointments every three (3) weeks and that it was estimated that Plaintiff could experience a flare-up in her condition up to two (2) times per month lasting up to one (1) day per episode. Holder responded by asking: "Are you able to elaborate on what a 'flare up' would entail?"

29. At that point, Peasall intervened and said: "Without getting into her medical information, a flare-up would be a time where her symptoms worsen to the point that she needs time off."

30. In Plaintiff's 2019 Employee Evaluation, she was criticized for ". . . inconsistency and adherence to company policy over the past year. Specifically, this is in regards to our PTO policy and attendance."

31. In or around mid to late January 2020, Plaintiff was promoted to the position of Operations Coordinator and began training in Tampa, Florida.

32. On or about January 7, 2020 and January 16, 2020, Plaintiff had to take FMLA-related days off due to her serious health condition.

33. On February 6, 2020, Plaintiff was terminated from her employment with Defendants. Peasall could not give Plaintiff a reason for her termination, despite Plaintiff's repeated requests. All that Peasall stated was that Haley Crum said "performance issues."

34. From approximately December 3, 2018 until the end of her employment with Defendants, Plaintiff regularly worked overtime, but was not compensated by Defendants at a rate of time and one-half her regular rate of pay.

35. At all times material, Plaintiff was regularly required to work in excess of the maximum hours allowed by law (overtime hours). However, Defendant failed to keep accurate time records reflecting the hours worked by Plaintiff.

36. Specifically, Plaintiff was required to clock out for her daily unpaid meal break but was nevertheless required to perform work during the daily unpaid meal break.

37.     Additionally, Plaintiff periodically performed work outside of her regular work schedule on evenings and weekends.

38.     As a result, Plaintiff worked an average of approximately 50 or more hours per work week.

39.     Plaintiff was/is not exempt from the overtime provisions of the FLSA. Therefore, Plaintiff is entitled to overtime compensation for all overtime hours worked under the FLSA.

40.     Defendants' violations of the FLSA were/are knowing, willful, and in reckless disregard of the rights of Plaintiff.

41.     Plaintiff has retained the services of Florin Gray Bouzas Owens, LLC and is obligated to pay his legal counsel a reasonable fee for their services.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

42.     Plaintiff, EUNICE PAPPAS DOTSON, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through forty-two (42).

43.     Defendants are subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

44.     Defendants are enterprises engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A) in that they (a) have employees engaged in commerce or have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (b) have an annual gross volume of sales made or business done that is not less than $500,000.00.

Case 8:20-cv-01084-CEH-AEP   Document 1   Filed 05/11/20   Page 7 of 11 PageID 7

45. Plaintiff is covered as an individual under the FLSA because Plaintiff was engaged in interstate commerce as part of her job with Defendants. 29 U.S.C. §207(a)(1).

46. Throughout his employment with Defendants, Plaintiff worked in excess of forty (40) hours per week, for which she was not compensated at the overtime rate.

47. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

48. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendants.

49. Defendants' failure to pay Plaintiff overtime at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the FLSA, 29 U.S.C. §§201 *et seq.,* including 29 U.S.C. § 207.

50. Defendants knew or had reason to know that Plaintiff performed work in excess of forty (40) hours per work week.

51. Defendants' violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff.

52. As a direct result of Defendants' violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA and has incurred reasonable attorneys' fees and costs.

53. As a result of Defendants' violations of the FLSA, Plaintiff is entitled liquidated damages.

54. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants, including, but not limited to:

    a. Awarding Plaintiff overtime compensation in the amount due to her for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c. Awarding prejudgment interest;

    d. Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Determining that the FLSA was violated and an adjudication on the merits of the case;

    f. Ordering any other further relief the Court deems just and proper.

## COUNT II
## FAMILY AND MEDICAL LEAVE ACT -- INTERFERENCE

55. Plaintiff, EUNICE PAPPAS DOTSON, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through forty-two (42).

56. Plaintiff is an individual entitled to protection under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, *et seq*.

57. Plaintiff is an eligible employee within the meaning of the FMLA because Plaintiff worked for Defendants for twelve (12) months, had at least 1,250 hours of service for the Defendants during twelve (12) months immediately preceding her FMLA leave, and

worked at a location where the Defendants had at least fifty (50) employees within seventy-five (75) miles.

58. Defendants are covered employers under the FMLA in that they had fifty (50) or more employees in twenty (20) or more work weeks in the current or preceding calendar year.

59. Plaintiff suffered from a serious health condition within the meaning of the FMLA. Additionally, Plaintiff was caring for her mother, who suffered from a serious health condition within the meaning of the FMLA.

60. Defendants' actions interfered with Plaintiff's lawful exercise of her FMLA rights. Specifically, Defendant:

> (a) denied Plaintiff her right to utilize FMLA to care for her mother who had a serious health condition;
>
> (b) used Plaintiff's FMLA leave to care for her mother as a negative factor in its employment actions against Plaintiff; specifically, in discipline and performance evaluation; and
>
> (c) terminated Plaintiff's employment while Plaintiff was on approved intermittent FMLA for her own serious health condition.

61. Defendants' actions constitute a violation of the FMLA.

62. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

> a. Back pay and benefits;
>
> b. Prejudgment interest on back pay and benefits;
>
> c. Front pay and benefits;
>
> d. Liquidated damages;

  e.  Attorneys' fees and costs;

  f.  Injunctive relief; and

  g.  For any other relief this Court deems just and equitable.

## COUNT III
## FAMILY AND MEDICAL LEAVE ACT -- RETALIATION

63. Plaintiff, EUNICE PAPPAS DOTSON, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through forty-two (42).

64. Defendants retaliated against Plaintiff in violation of the FMLA in that Plaintiff's utilization of FMLA leave was a substantial or motivating factor that prompted Defendants to discipline, negatively evaluate, and terminate Plaintiff's employment.

65. Defendants' actions constitute a violation of the FMLA.

66. As a result of Defendants' actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for the following damages against Defendants:

  a.  Back pay and benefits;

  b.  Prejudgment interest on back pay and benefits;

  c.  Front pay and benefits;

  d.  Liquidated damages;

  e.  Attorneys' fees and costs;

  f.  Injunctive relief; and

  g.  For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

67. Plaintiff, EUNICE PAPPAS DOTSON, demands a trial by jury.

Dated this 11th day of May 2020.

**FLORIN GRAY BOUZAS OWENS, LLC**

*/s/ Gregory A. Owens*
**GREGORY A. OWENS, ESQUIRE**
Florida Bar No.: 51366
greg@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive
Suite 100
Lutz, Florida 33558
(727) 254-5255
(727) 483-7942 (fax)
*Trial Attorneys for Plaintiff*